## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## EVANSVILLE DIVISION

| | | |
|---|---|---|
| ROGER A. GREATHOUSE, JR., | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 3:14-cv-59-RLY-WGH |
| | ) | |
| UNITED STATES OF AMERICA. | ) | |

### Entry Denying in Part Motion for Relief Pursuant to 28 U.S.C. § 2255 and Appointing Counsel for an Evidentiary Hearing

For the reasons explained in this Entry, the motion of Roger A. Greathouse, Jr. ("Mr. Greathouse") for relief pursuant to 28 U.S.C. § 2255 is **denied as to one claim and taken under advisement as to two other claims.** An evidentiary hearing will be set in a separate Entry to facilitate the resolution of the two claims not resolved in this Entry.

### I. The § 2255 Motion

#### A.  Background

On December 14, 2011, Mr. Greathouse was charged in a one-count Indictment in No. 3:11-cr-00054-RLY-WGH-1. The Indictment charged Mr. Greathouse with unlawful possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

On September 19, 2012, Mr. Greathouse filed a Petition to Enter a Plea of Guilty. In the Petition, Mr. Greathouse represented to the court that he received a copy of the Indictment; read and discussed it with his attorney; told his attorney the facts and surrounding circumstances concerning the matters mentioned in the Indictment; his attorney was fully informed of the facts and circumstances of this case; his attorney informed, counseled and advised him as to the nature and cause of every accusation and possible defenses in this case; his attorney advised him of the possible punishment; he believed his attorney had done all that anyone could do to counsel and

assist him; he understood the proceedings in his case; he made no claim of innocence; he declared that his plea of guilty was offered freely, voluntarily, and of his own accord; and his attorney explained to him and he believes and understands the statements set forth in the Indictment, in this petition, and in the certificate of counsel. No. 3:11-cr-0054-RLY-WGH-1, Dkt. 23; Petition, ¶¶ 4, 5, 6, 12, 13, 14. No written plea agreement was filed in this case.

On November 2, 2012, a change of plea hearing was conducted. The court found a factual basis for the plea and that Mr. Greathouse was fully competent and capable of entering an informed plea. The court accepted Mr. Greathouse's plea and adjudged him guilty of the charge. On January 8, 2013, the court sentenced Mr. Greathouse to 110 months imprisonment and three years of supervised release. No. 3:11-cr-0054-RLY-WGH-1, Dkt. Nos. 30-31. The judgment of conviction was entered on January 14, 2013. *Id.*; Dkt. 31. On April 19, 2013, an Amended Judgment was issued, reducing the sentence to 104 months and three years of supervised release. Dkt. 34.

On April 21, 2014, Mr. Greathouse filed a motion for post-conviction relief pursuant to 28 U.S.C. § 2255. He signed the section 2255 motion on April 18, 2014.

### B. Discussion

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). In his § 2255 motion, Mr. Greathouse asserts that trial counsel was ineffective. He alleges that counsel: 1) advised him to reject a very favorable plea agreement in favor of an "open plea" without investigating the facts and discussing them first; 2) failed to file a timely appeal, despite being instructed to do so by Mr. Greathouse; and 3) failed to object at sentencing to two clearly erroneous applications of the Sentencing Guidelines which increased the offense level by 1 point

and his criminal history points by 1 point. The United States argues that Mr. Greathouse's claims lack merit.

The right to effective assistance of counsel is violated when the performance of counsel falls below an objective standard of reasonable professional conduct and prejudices the defense. *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003) (citing *Strickland v. Washington,* 466 U.S. 668, 687 (1984)). For Mr. Greathouse to establish that his "counsel's assistance was so defective as to require reversal" of his conviction, he must make two showings: (1) deficient performance that (2) prejudiced his defense. *Strickland,* 466 U.S. at 687. "To reflect the wide range of competent legal strategies and to avoid the pitfalls of review in hindsight, our review of an attorney's performance is highly deferential and reflects a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Groves v. United States,* 755 F.3d 588, 591 (7th Cir. 2014) (internal quotation omitted).

To establish prejudice, a petitioner must "show that there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different, such that the proceedings were fundamentally unfair or unreliable." *Id.* (internal quotation omitted). If a petitioner cannot establish one of the *Strickland* prongs, the Court need not consider the other. *Id.*

### 1. Dismissed Claim

Mr. Greathouse claims that counsel told him that the government had offered him a binding 84-month plea agreement, however, counsel did not discuss it with him. His attorney, Mr. Warrum, states in his sworn statement that although he tried to convince the government to enter into a binding plea agreement pursuant to Rule 11(c)(1)(C), no such plea was ever extended. "[T]he successful negotiation of a plea agreement involves factors beyond the control of counsel, including the cooperation of his client…as well as the cooperation of the prosecutor, who has no

obligation to offer such an agreement." *United States v. Hall,* 212 F.3d 1016, 1022 (7th Cir. 2000). "[T]he government is not bound to discuss, much less enter into, a plea agreement …." *Id.* The government offered a nonbinding plea agreement pursuant to Rule 11(c)(1)(A), but after discussing the terms with his attorney, Mr. Greathouse rejected that plea agreement. Mr. Warrum agrees that if the government had offered a binding plea agreement for 84 months, he would have strongly recommended that Mr. Greathouse accept it, however, that opportunity never existed. No deficient performance has been identified in relation to any plea agreement. The motion to vacate is **denied with respect to this claim.** This claim need not be addressed at an evidentiary hearing because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief" on this claim. 28 U.S.C. § 2255(b).

### 2. Claims That Should Be Addressed at an Evidentiary Hearing

*Whether Counsel was Instructed to File a Notice of Appeal*

The plea agreement in this case was not reduced to writing nor did it contain a waiver of appellate rights. Mr. Greathouse states under penalty of perjury in his motion to vacate that approximately a week after sentencing, when he met with his attorney, Mr. Warrum, at the Henderson County Detention Center, Mr. Warrum told him that they could file an appeal. Mr. Greathouse states that he told Mr. Warrum, "I definitely want to file an appeal." He states that Mr. Warrum told him that he would get back with him. Motion to Vacate, 3:14-cv-59-RLY-WGH, Dkt. 1, p. 15. Mr. Greathouse states that he attempted to call Mr. Warrum numerous times after that conversation, but he could not reach him.

Mr. Warrum has submitted a sworn affidavit stating that after he received the judgment issued on January 14, 2013, in this case,

> "I met with the Defendant at the Henderson County Detention Center. During this meeting the Defendant used a quote I used during the Sentencing Hearing, "It is

what it is." The Defendant expressed his gratitude for arguments presented in court. The Defendant specifically stated that he <u>did not wish to appeal,</u> but rather, his intent was to go to the Bureau of Prisons and serve his sentence so he could return home."

Affidavit of Jake Warrum, 3:14-cv-59-RLY-WGH, Dkt. 11-1, p.1.

This claim cannot be resolved on the basis of conflicting sworn statements without an evidentiary hearing. *See Dowell v. United States,* 694 F.3d 898, 903-04 (7th Cir. 2012) ("In light of the conflicting accounts, whether Dowell asked his counsel to file a notice of appeal is a factual question for the district court to resolve on remand…..").

***Failure to Object at Sentencing***[1]

Mr. Greathouse asserts that his Adjusted Offense Level should have been 29 instead of 30. *See* 2011 Guidelines Manual, 2K2.1(b)(4) (The cumulative offense level determined from the application of subsections (b)(1) through (b)(4) may not exceed level **29**, except if subsection (b)(3)(A) applies."). He argues that this would have led to a sentencing range of 92-115 months instead of 100-120 months. The government does not assert that this theory is inaccurate. Rather, it states that "former trial counsel notes that even if Greathouse is correct, his sentence of 104 months still fell within the guideline range…."[2] Government Response, 3:14-cv-59-RLY-WGH,

---

[1] Mr. Greathouse also argues that counsel failed to object to the criminal history point for a July 2011 misdemeanor conviction for "unregistered timber buyer." Mr. Greathouse acknowledges that this would not have changed his Criminal History Category of IV. Attorney Warrum states that he considered and discussed this argument with Mr. Greathouse on multiple occasions. Mr. Warrum researched the issue and found no authority indicating that a conviction for an unregistered timber buyer was a fish and game violation. Counsel did not ignore Mr. Greathouse's desire. Rather counsel considered it and rejected it on sound legal grounds. No error nor prejudice has been shown under these circumstances. This component of Mr. Greathouse's ineffective assistance of counsel in sentencing claim is **denied** and shall not be discussed at the evidentiary hearing.

[2] The original sentence was 110 months. It was reduced to 104 months April 19, 2013, to take into account time served in the jail post Indictment.

Dkt. 11, p. 4. Sentencing at the midpoint of the alleged correct guideline range, however, would have resulted in a sentence between 103 and 104 months.

The government also argues that the technical application of the guidelines does not give rise to a constitutional issue. Government Response, 3:14-cv-59-RLY-WGH, Dkt. 11, p. 4 (citing *United States v. Vaughn,* 955 F.2d 367, 368 (7th Cir. 1992). *Vaughn* does not apply to these circumstances, however, because the constitutional issue here is one of ineffective assistance of counsel. This claim is related to the failure to appeal claim because the question of prejudice may involve whether or not there was a non-frivolous claim to assert on appeal. If it is likely that the court would have decided on a lower sentence if the adjusted offense level was 29 instead of 30, that will bear on the issue as to whether a reasonable defendant would have asked to file a notice of appeal.

## II. Appointment of Counsel

The Indiana Federal Community Defender ("IFCD") is appointed pursuant to 28 U.S.C. § 2255(g) and 18 U.S.C. § 3006A to represent Mr. Greathouse for the purpose of presenting the two claims referenced above. The IFCD or such other counsel as the IFCD may designate shall enter an appearance on behalf of Mr. Greathouse within seven (7) days of this Entry. The IFCD shall contact Mr. Greathouse and opposing counsel and shall take the steps necessary to represent Mr. Greathouse at an evidentiary hearing. The hearing will be set in a separate entry.

No partial final judgment shall issue at this time as to the claim resolved in this Entry.

**IT IS SO ORDERED.**


Date:  11/06/2015

RICHARD L. YOUNG,  CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

Electronically registered counsel

Roger A. Greathouse, Jr.
10716-028
Manchester FIC
Inmate Mail/Parcels
P. O. Box 4000
Manchester, KY  40962

Monica Foster, Chief Federal Defender
Indiana Federal Community Defenders
111 Monument Circle, Suite 2150
Indianapolis, IN 46204